# EXHIBIT A

STATE OF INDIANA      )          IN THE SUPERIOR COURT

                           ) SS.

COUNTY OF MARION      )          OF MARION COUNTY

                           )

                           )

LAMONE LAUDERDALE,      )

           PLAINTIFF,      )      49D10 1609 CT 033152

         V.              )     CAUSE NO. **FILED**

                           )

                          )      (175)    SEP 16 2016

JOHN LAYTON, ET AL.      )

          DEFENDANTS      )     *Myla A. Eldridge*

                                     CLERK OF THE MARION CIRCUIT COURT

---

## Prisoner Civil Complaint

Request for Jury Demand

1

## Table Of Authorities

|     |                                        | Pgs.    |
|-----|----------------------------------------|---------|
| I.   | Party Information ........................................... | 4. & 5. |
| II.  | Jurisdiction .................................................... | 5.      |
| III. | Basis for Claim ............................................... | 5.      |
| IV.  | Index of Exhibits ............................................ | 5.      |
| V.   | Causes Of Action ........................................... | 6.      |
| VI.  | Claims ............................................................ | 11.     |
| VII. | Previous Lawsuits and Admin. Relief ............................ | 14.     |
| VIII.| Request for Relief ......................................... | 14.     |
| IX.  | Declaration ................................................... | 15.     |
| X.   | Certificate of Service ................................... | 16.     |
| XI.  | Exhibits ......................................................... | 17-20   |

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE SUPERIOR COURT |
| | ) SS. | |
| COUNTY OF MARION | ) | OF MARION COUNTY |
| | ) | |
| | ) | |
| LAMONE LAUDERDALE, | ) | |
|       PLAINTIFF, | ) | |
| V. | ) | CAUSE NO. |
| | ) | |
| | ) | |
| JOHN LAYTON, ET AL. | ) | |
|       DEFENDANTS | ) | |

## CIVIL RIGHTS COMPLAINT
### REQUEST FOR JURY DEMAND

## I. Parties

### A. Plaintiff's Information:

Name and Prisoner Number of Plaintiff: Lamone Lauderdale, 132421

Mailing Address: Putnamville Correctional Facility, 1946 West U.S. Highway 40, Greencastle, IN. 46135

### B. Defendant's Information:

Name of Defendant 1: John Layton
Title: Jail Commander
Address of Defendant: 40 South Alabama St. Indianapolis, IN 46204

Name of Defendant 2: Detention Deputy William Russell
Title: Detention Deputy #228
Address of Defendant: 40 South Alabama St. Indianapolis, IN 46204

3

Name of Defendant 3: Deputy Shultz (John Doe)
Title:  Sheriff Deputy
Address of Defendant: 40 South Alabama St. Indianapolis, IN 46204

Name of Defendant 4: Deputy Devon Clark
Title:  Sheriff Deputy #567
Address of Defendant:  40 South Alabama St. Indianapolis, IN 46204

Name of Defendant 5: Corporal Thomas Williams
Title:  Deputy Corporal #384
Address of Defendant:  40 South Alabama St. Indianapolis, IN 46204

Any other John Doe that may later be added...

## II. Jurisdiction

Jurisdiction is invoked based on

## III. Basis For Claim

The violations of State law and constitutional provisions that are being sued about
what happened at the Marion County Jail while confined awaiting trial in the
State of Indiana are clear basis for this suit against the Defendants listed and
those who may be brought as parties once said violations are clear and evident
and will be amended as foreseen.

## IV. Index Of Exhibits

Exhibit A:   Informal Resolution
Exhibit B:   Informal Resolution
Exhibit C:    Informal Resolution
Exhibit D:   Medication Form

4

## V. Causes Of Action

**Eighth Amendment violations consisting of, but not limited to**: Deliberate Indifference, Deliberate Indifference to a Serious Medical Need, Denial of Medical Care,

**State law violations consisting of, but not limited to:** Battery, battery with bodily harm, aggravated battery, assault, excessive force

**Fourteenth Amendment violations consisting of, but not limited to:** Discrimination, Unequal Treatment, Violation(s) of Equal Protection of Law, and beyond.

1.  Defendant John Layton, Jail Commander and at all times during this complaint under the employ of the Marion County Jail did knowingly fail to provide the Plaint with a safe, secure, and healthful living environment in accordance with Federal and State law and protected by the United States Constitution while Plaintiff was a pre-trial detainee confined at the Marion County Jail.

2.  Defendant John Layton, Jail commander and at all times during this complaint did knowingly allow deputies under his employ and direct supervision to abuse/batter/assault and cause wanton malicious conduct against the Plaintiff while confined as a pre trial detainee at the Marion County Jail.

3.  Defendant John Layton, Jail commander was deliberately indifferent under cause by failing to provide a safe and secure living environment to the Plaintiff as a pre trial detainee at the Marion County Jail.

4.  Defendant Detention Deputy William Russell #288 was deliberately indifferent under cause by failing to provide a safe and secure living environment to the Plaintiff as a pre trial detainee at the Marion County Jail.

5

5.  Defendant Deputy Shultz (John Doe) was deliberately indifferent under cause by failing to provide a safe and secure living environment to the Plaintiff as a pre trial detainee at the Marion County Jail.

6.  Defendant Deputy Devon Clark #567 was deliberately indifferent under cause by failing to provide a safe and secure living environment to the Plaintiff as a pre trial detainee at the Marion County Jail, in accordance with Federal and State law.

7.  Defendant Deputy Corporal Thomas Williams was deliberately indifferent under cause by failing to provide a safe and secure living environment to the Plaintiff as a pre trial detainee at the Marion County Jail, in accordance with Federal and State law.

8.  Defendant John Layton, Jail Commander failed to equally treat the Plaintiff with life, liberty, and justice as they did to all other pre-trial detainees similarly situated under his care at the Marion County Jail, in accordance with Federal and State law.

9.  Defendant Detention Deputy William Russell #288 failed to equally treat the Plaintiff with life, liberty, and justice as they did to all other pre-trial detainees similarly situated under his care at the Marion County Jail, in accordance with Federal and State law.

10. Defendant Deputy Shultz (John Doe) failed to equally treat the Plaintiff with life, liberty, and justice as they did to all other pre-trial detainees similarly situated under his care at the Marion County Jail, in accordance with Federal and State law.

11. Defendant Deputy Devon Clark #567 failed to equally treat the Plaintiff with life, liberty, and justice as they did to all other pre-trial detainees similarly situated under his care at the Marion County Jail, in accordance with Federal and State law.

6

12. Defendant Deputy Corporal Thomas Williams #384 failed to equally treat the Plaintiff with life, liberty, and justice as they did to all other pre-trial detainees similarly situated under his care at the Marion County Jail, in accordance Federal and State law.

13. Defendant Detention Deputy William Russell #288 while officially employed in the State of Indiana did deliberately, wantonly, maliciously, and sadistically, knowingly and intentionally abuse/ batter/ assault/ and used excessive force against the Plaintiff while in his care as a pre-trial detainee at the Marion County Jail, in accordance with Federal and State law.

14. Defendant Deputy Shultz (John Doe) while officially employed in the State of Indiana did deliberately, wantonly, maliciously, and sadistically, knowingly and/or intentionally abuse/ batter/ assault/ and used excessive force against the Plaintiff while in his care as a pre-trial detainee at the Marion County Jail.

15. Defendant Deputy Devon Clark #567 while officially employed in the State of Indiana did deliberately, wantonly, maliciously, and sadistically, knowingly and intentionally abuse/ batter/ assault/ and used excessive force against the Plaintiff while in his care as a pre-trial detainee at the Marion County Jail, in accordance with Federal and State law.

16. Defendant Deputy Corporal Thomas Williams #384 while officially employed in the State of Indiana did deliberately, wantonly, maliciously, and sadistically, knowingly and intentionally allow abuse/ batter/ assault/ and excessive force against the Plaintiff while in his care as a pre-trial detainee at the Marion County Jail, in accordance with Federal and State law.

17. All Defendants and at all times during this complaint did deliberately, wantonly, maliciously, and sadistically act in a discriminating manner and allowed discrimination against the

Plaintiff to ensue not providing a safe, secure, and healthful living environment to the Plaintiff but did to other pre-trial detainees while confined at the Marion County jail.

18. Defendant John Layton, Jail Commander and at all times during this complaint did knowingly allow Deputies under his direct supervision to deliberately, wantonly, maliciously, and sadistically abuse/ batter/ assault/ and use excessive force against the Plaintiff while in his care as a pre-trial detainee at the Marion County Jail.

19. All Defendants listed in this cause and at all the times during this complaint did in their actions coherently and independently cause cruel and unusual punishment upon the Plaintiff when they allowed and caused the abuse/batter/assault/physical force against the Plaintiff to commence under their care while the Plaintiff was a pre-trial detainee at the Marion County Jail.

20. All Defendants listed in this cause and at all times during this complaint did violate the rights afforded to the Plaintiff as both a pre-trail detainee and a citizen of the United States of America in the State of Indiana as provided in the U.S. Constitution, the Laws of Indiana, and the Constitution of Indiana set forth by the judicial system.

21. All Defendants listed in this cause and at all times during this complaint acted under full color of state law and in official capacity in the Marion County Jail under the jurisdiction of the State of Indiana and are subject to the legislations, judicial precedents, and Constitutional provisions of the State of Indiana and the Federal Constitution as a subsequent legal provider in the United States of America.

22. Defendant John Layton, Jail Commander is made apart herein to this cause of action and is made a party to this suit in both official capacity as jail commander and in his own individual

capacity for the direct negligence and deliberate indifference ensued upon the Plaintiff while the Defendant had the legal authority and duty to ensure unreasonable risk to the Plaintiffs safety, security, and care while confined at the Marion County Jail, in accordance with Federal and State law.

23. Defendant Detention Deputy William Russell #288 is made apart herein to this cause of action and is made a party to this suit in both official capacity as Detention Deputy and in his own individual capacity for the direct negligence and deliberate indifference ensued upon the Plaintiff while the Defendant had the legal authority and duty to ensure unreasonable risk to the Plaintiffs safety, security, and care while confined at the Marion County Jail, in accordance to Federal and State law.

24. Defendant Deputy Shultz (John Doe) is made apart herein to this cause of action and is made a party to this suit in both official capacity as deputy and in his own individual capacity for the direct negligence and deliberate indifference ensued upon the Plaintiff while the Defendant had the legal authority and duty to ensure unreasonable risk to the Plaintiffs safety, security, and care while confined at the Marion County Jail, in accordance with Federal and State law.

25. Defendant Deputy Devon Clark #567 is made apart herein to this cause of action and is made a party to this suit in both official capacity as deputy and in his own individual capacity for the direct negligence and deliberate indifference ensued upon the Plaintiff while the Defendant had the legal authority and duty to ensure unreasonable risk to the Plaintiffs safety, security, and care while confined at the Marion County Jail, in accordance with Federal and State law.

9

26. Defendant Deputy Corporal Thomas Williams #384 is made apart herein to this cause of action and is made a party to this suit in both official capacity as deputy corporal and in his own individual capacity for the direct negligence and deliberate indifference ensued upon the Plaintiff while the Defendant had the legal authority and duty to ensure unreasonable risk to the Plaintiffs safety, security, and care while confined at the Marion County Jail.

27. All Defendants and at all time during this complaint did deny the Plaintiff life, liberty, justice in clear violation of the laws and statutes of the State of Indiana.

28. At all times the above listed Defendants denied Plaintiff a safe, secure, and healthful living environment guaranteed by the United States Constitution and Indiana State law as a pre-trial detainee and/or prisoner in their care.

29. Plaintiff suffers from the Defendant's actions, and inactions severe neck, muscle, and back pain, muscle spasms, severe nightmares from the undue stress the Defendant's actions caused the Plaintiff, which continues and will affect him for an undetermined amount of time.

30. At all times the above listed Defendants are being sued in their individual and official capacities for their actions and inactions.

31. At all times the above listed Defendants acted under color of state law.

32. At all times the above listed Defendants violated plaintiff's Constitutional rights and rights guaranteed to him by the State of Indiana as a pre-trail detainee

33. At all times the above listed Defendants violated the rules, regulations, and procedures of the facility that are in place by the United States Constitution and the State of Indiana to create a safe, secure, and healthy environment.

10

## 34. VI. Claims

On or about August 29, 2015 the Plaintiff was being housed inside cellblock 2-T cell 6 on the second range. On or about August 29, 2015 at approximately 4:30 a.m. Detention Officer Russell began to enter the Plaintiff's cell that he shared with Anthony Williams, but stopped at the door entry way. The Plaintiff rose out of his sleep and started to get dressed. Detention Officer Russell ordered the Plaintiff to remove the clothing off the top of the light fixture. The pants that were covering the light illuminating from the light fixture were federal pants that belonged to the Plaintiff's cellmate. The Plaintiff informed Detention Officer Russell that the pants did not belong to him and continued getting dressed. Detention Officer Russell then fully entered the room and ordered the Plaintiff to remove the clothing from the light fixture. The Plaintiff again informed Detention Officer Russell that the pants did not belong to him and that he was getting dressed. The incident became a verbal altercation that resulted in Detention Officer Russell ordering the Plaintiff to cuff up. The Plaintiff refused the order and asked for a higher authority to be present. Deputy Shultz appeared in the doorway of cell 6 and witnessed the verbal altercation. Corporal Williams appeared shortly thereafter. The Plaintiff addressed Corporal Williams in regards to the incident. Corporal Williams acknowledged Detention Officer Russell's hostility, and advised the Plaintiff to just follow the direct order. The Plaintiff then began to put on his jail issued shoes and Detention Officer Russell kicked them out of the Plaintiff's reach. The Plaintiff addressed Corporal Williams to acknowledge Detention Officer Russell's hostility. The Plaintiff finished dressing and was placed in handcuffs. Detention Officer Russell began escorting the Plaintiff by his left arm and neck in an aggressive manner from the second (2nd) range to the first (1st) range. The Plaintiff halted on the first range due to the excessive pressure. Detention Officer Russell tried running the Plaintiff into the wall, but the Plaintiff instead turned and bellowed over at the hip. Detention Officer Russell gave the Plaintiff a knee and punch to the face. The Plaintiff was ordered to get down on the ground. The Plaintiff

11

complied. The Plaintiff was then escorted to the other side of the jail by Deputy Clark, Deputy Shultz, and Detention Officer Russell. A verbal altercation took place upon entering the doorway to the hall Deputy Clark grabbed the Plaintiff by the bottom of his jail issued pants and by his arm, running him into the wall head first. Excessive physical force took place. The Plaintiff was kicked, punched, and kneed in his back, ribs, stomach, and face. The Plaintiff was then escorted and placed in holding cell for approximately 1 hour, while still cuffed. The Plaintiff requested medical attention on numerous occasions, but was denied that right. The Plaintiff was later escorted back to his housing unit without any pants, only one sock, and a ripped shirt. The Plaintiff requested medical attention again and was denied. Later that afternoon during lunch and afternoon medication the Plaintiff spoke with a Nurse. The Nurse said that she will put in for the Plaintiff to be seen by the Doctor the following Monday. The Plaintiff was moved housing locations on 8-30-15, Sunday morning. On 9-1-15, Monday morning, the Plaintiff was called for DHB (disciplinary hearing board) and not medical. The Plaintiff received a disciplinary conduct report in regards to the incident that took place on the morning of 8-29-15. The Plaintiff was found "not guilty" of the alleged allegations. The Plaintiff later spoke with Chief Talley, 2nd in command, regarding the incident that took place on 8-29-15 and the Plaintiff not being given proper medical attention or a grievance as requested. The Plaintiff was then given a grievance and instructed to complete it immediately. The Plaintiff in his grievance claimed excessive force by Marion County Jail employees, the lack of medical attention, and he requested an MRI. On Wednesday 9-3-15, the Plaintiff was seen by the Doctor at Marion County Jail. The Doctor at Marion County Jail evaluated the Plaintiff, the Plaintiff was given by injection pain medication, the Plaintiff was given a neck brace, and the Plaintiff was scheduled for x-rays. On 9-4-15 x-rays were taken. The Plaintiff filed another grievance requested the lack of medical attention and requested a MRI be conducted. The Plaintiff was then transferred on 9-6-15 to Marion County Jail II/ CCA, 730 E. Washington St. Indianapolis, IN 46202. The Plaintiff requested medical attention on numerous occasions but was denied. The Plaintiff filed numerous health

12

care request forms and grievances seeking relief, to no avail. The Plaintiff was finally seen by a Doctor on or about 9-18-15, without what the Plaintiff would believe to be a proper examination. The Plaintiff then went on to follow his administrative remedies by filing an informal and formal grievance. On 10-1-15 the Plaintiff went to court, upon the Plaintiff's return from Court he discovered that his personal property was missing. Correctional Officer Bond was said to have packed the Plaintiff's belongings and stored them. The Plaintiff never received his personal belongings. The Plaintiff then exhausted his administrative remedies to retrieve his personal property and was only reimbursed for the property he was able to prove per commissary and not for any personal property, or legal material/documentation. The Plaintiff was then seen and evaluated by the Doctor on 10-6-15. Upon evaluation, the Doctor ordered the Plaintiff to attend therapy. The Plaintiff was prescribed Cyclobenzaprine HC1-10mg oral (3x a day), 4 ibuprofen 200mg (2x a day), and was also issued a bottom bunk pass. The Plaintiff was informed that therapy is the step before an MRI is ordered, and upon the results of therapy will determine whether an MRI will be ordered. The Plaintiff attended therapy on 10-28-15 at Eskanazi Hospital West 38th Street & Moller Road, Indianapolis, IN and was seen by Kristin Roth, DPT. The Plaintiff was ordered to continue the therapy exercises on his own for 30 days and then be further evaluated. The Plaintiff has not been properly evaluated thereafter.

## VII. Previous Lawsuits and Administrative Relief

1.) There are no other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to Plaintiff's conditions of confinement.

13

2.) Plaintiff exhausted **his available** administrative remedies regarding the events or acts complained of in Part VI or this complaint as he was aware of the actions or inactions of the listed defendants.

There was no relief to administrative remedies that were made available for Plaintiff , and there is no administrative remedy available that could provide Plaintiff with the declaratory relief, monetary relief or punitive damages he seeks in this Complaint.

## VIII. Request for Relief

### Plaintiff requests the following relief:

1. The Plaintiff filing this action requests an **Injunction:**

   A. The Marion County Jail employers and employees be ordered to not use excessive physical force nor provoke inmates to justify the use of excessive physical force.
   B. The Marion County Jail employer and/or employees not enforce any policy or procedure that is not in direct conjunction or the benefit of the safety and security of the staff and inmates alike.
   C. Also admit they were wrong in the actions taken that caused the Plaintiff's injuries

2. The Plaintiff filing this action requests **Compensatory Damages** in the amount of $100,000.00 USD from each Defendant listed for monetary losses to include but not limited to: mailing costs, the cost of copies, postage, future medical expenses, indeterminate amount of loss of life span, pain and suffering, mental and emotional injury.

3. The Plaintiff in this action also seeks **Punitive Damages** in the amount of $75,000.00 USD from each Defendant listed in this cause for damages including but not limited to: the callous and reckless indifference upon the Plaintiffs rights, the wanton conduct the Defendants inflicted to the physical well being of the Plaintiff, and the unconstitutional intent to deny care for a serious life altering medical condition.

14

4.   The Plaintiff in this cause would request an **Attorney fee** be awarded under the
     provisions set forth within statue under the federal Civil Rules of Procedure.

**Respectfully submitted,**

*Lamone Lauderdale*

Lamone Lauderdale, 132421
Putnamville Correctional Facility
1946 W. U.S. Hwy. 40
Greencastle, IN 46135

## <u>DECLARATION UNDER PENALTY OF PERJURY</u>

The undersigned declares under penalty of perjury that he is the plaintiff in the above action,
that he has read the above complaint and that the information contained in the complaint is
**true and correct** to the best of his knowledge.

Executed at:   **Putnamville Correctional**   9-6-2016       .
                      (location)                      (date)

I request the Court's assistance in serving process on the defendant(s). __X__Yes_____ No
          Plaintiff demands a trial by jury. ____X____ Yes _____No

*Lamone Lauderdale*

Lamone Lauderdale, 132421
Putnamville Corr. Facility
1946 W. US Hwy. 40
Greencastle, IN 46135

15

**CERTIFICATE OF SERVICE**

I, Lamone Lauderdale, do hereby certify that on this 10th day of April, 2016, a true and correct copy of the foregoing was sent by ordinary, first class, postage prepaid, United States Mail to the Following Parties at their respective place of employment:

Detention Deputy William Russell #288
Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Deputy Shultz (John Doe)
Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Deputy Devon Clark #567
Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Deputy Corporal Thomas Williams #384
Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

John Layton, Jail Commander
Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

I, Lamone Lauderdale, do hereby certify that on this 10th day of April, 2016, a true and correct copy of the foregoing was sent by ordinary, first class, postage prepaid, United States Mail to the Marion County Court Clerk and Indiana Attorney General at:

Marion County Court Clerk
200 E. Washington St
Indianapolis, IN 46204

Indiana Attorney General Offices
Indiana Government Center South
302 W. Washington St.
Indianapolis, IN 46204

Lamone Lauderdale, 132421
Putnamville Corr. Facility
1946 W. U.S. Hwy. 40
Greencastle, IN 46135

16

# Exhibit B

14-5A

# INFORMAL RESOLUTION

1169-6

## To be completed by inmate/resident:

Date: 9-12-15

Name (Print): Lauderdale , Lamone L
              Last Name        First Name   Middle Initial

Number: 625138       HOUSING ASSIGNMENT: 4 South / 16 B

Description of issue, problem, and solution you suggest:

I was transported from Marion County Jail I to Marion County Jail
II on 9-6-15 with severe neck, shoulders, and back problems - as well
as my hips. I have not been seen by the doctor. I have written requests,
filled out sick call forms, and written a grievance (informal). My
solution to this problem is that I see a doctor as soon as possible and
that I receive the proper medical care. I have been seeing blood in
my feces since I was at Marion County Jail I. I need a M.R.I.

Attach additional pages, if necessary.

## FOR STAFF USE ONLY:

Date received from inmate/resident: 9-14-15

Name of staff member completing informal resolution process: Medical

Date response due to inmate/resident: 9-29-15

Date and time initial meeting held with the inmate/resident: 9/21/15 @ 1410

Additional information received from initial meeting:

Names of staff members involved with the inmate/resident's issue:

Distribution:
Original: Facility
Copy: Inmate/Resident

03/07

14-5A

Dates and times of contact with staff members concerning the inmate/resident's issue:

Sick call placed 9/9/15, seen 9/9/15 by sick call nurse.
9/15/15 LIP Propst seen for
9/18/15 PHA

Additional information received from meetings with staff members:

STAFF RESPONSE:

Seen by LIP Dr. Propst as requested 9/18/15.

Formal Grievance given 9/21/15 LB/c.c.

Tentative completion date if remedy suggested: _____

Completion of Informal Resolution Process:

By signing below, the inmate/resident verifies agreement with the remedy suggested above.  If the inmate/resident is not satisfied with the remedy suggested above, the inmate/resident is not required to sign below and may choose to file a formal grievance with the Facility Grievance Officer.  In either case, the inmate/resident will receive a copy of this form on the day the final resolution process is completed.

Inmate Signature: _____   Date: 9-21-15

Designated Staff Signature: _____ , RNCS   Date: 9/21/15

*Witness Signature: _____   Date: _____

*In the event the inmate/resident refuses to sign this form, a witness signature must be obtained to verify that the inmate/resident was offered the opportunity for informal resolution.

Informal Resolution Outcome:   ☐ RESOLVED   ☑ UNRESOLVED

Distribution:
Original: Facility
Copy: Inmate/Resident

03/07

# Exhibit A

14-5A

# INFORMAL RESOLUTION

1273-G

**To be completed by inmate/resident:**

Date: 10-1-15

Name (Print): Lauderdale _____ Lamone _____ L
           Last Name          First Name      Middle Initial

Number: 625138 _____ HOUSING ASSIGNMENT: 2-A 17-B

Description of issue, problem, and solution you suggest:

My neck brace was taken from me when I returned from court. It
was said that it was per medical order, medical has not given me
anything to accommodate my medical condition. When my neck is
bothering me I use the brace to help stabilize it. Something is wrong
with my neck, I have not had the proper medical assessment and am
now being denied the proper medical attention and/or treatment. I have
complained about the lack of attention and treatment since 9-6-15
I need a M.R.I. and the proper medical treatment

Attach additional pages, if necessary.

**FOR STAFF USE ONLY:**

Date received from inmate/resident: 10-5-15

Name of staff member completing informal resolution process: Medical

Date response due to inmate/resident: 10-20-15

Date and time initial meeting held with the inmate/resident: 1037 10/12/15

**Additional information received from initial meeting:**

**Names of staff members involved with the inmate/resident's issue:**

14-5A

**Dates and times of contact with staff members concerning the inmate/resident's issue:**

09/09/15 - Sick call placed.
09/18/15 - Initial Health Appraisal completed
10/05/15 - Requesting to be seen by DO
10/06/15 - Assessed by DO

**Additional Information received from meetings with staff members:**

**STAFF RESPONSE:**

- Inmate assessed by DO on 10/06/15 + Medication ordered to help with pain + a muscle relaxer. There has also been a request for outside PT consult. X-rays completed of neck and lower back.

Tentative completion date if remedy suggested: 10/12/15

**Completion of Informal Resolution Process:**

By signing below, the inmate/resident verifies agreement with the remedy suggested above. If the inmate/resident is not satisfied with the remedy suggested above, the inmate/resident is not required to sign below and may choose to file a formal grievance with the Facility Grievance Officer. In either case, the inmate/resident will receive a copy of this form on the day the final resolution process is completed.

Inmate Signature: _____ Date: 10-12-15
Designated Staff Signature: _____ Date: 10-12-15
*Witness Signature: _____ Date: _____

*In the event the inmate/resident refuses to sign this form, a witness signature must be obtained to verify that the inmate/resident was offered the opportunity for informal resolution.

**Informal Resolution Outcome:** ☒ RESOLVED ☐ UNRESOLVED

Distribution:
Original: Facility
Copy: Inmate/Resident

03/07

# Exhibit C

Grievance No.: _11/9-FG_

14-5B

**RESPONDING STAFF MEMBER'S REPORT:** (Attach additional pages if necessary. All pages must include the grievance number.)

IM seen + examined 10/6/15, Events causing injury reviewed + confirmed. Exam Performed + documented in medical record.

**RESPONDING STAFF MEMBER'S DECISION:** (Attach additional pages if necessary. All pages must include the grievance number.)

Plan formed r IM to:
1) restart IBU
2) add muscle relaxer
3) X-ray clinical + lumbar area
4) request PT for eval + treat + will follow any equipment ordered
5) LM symptoms do not resolve will "request MRI
6) will obtain BBP

Responding Staff Member's Printed Name: _Noil Prox_  Title: _Medical Director_

Responding Staff Member's Signature: _____  Date: _10/6/15_

Inmate/Resident's Signature (upon receipt): _____  Date: _10-10-15_

**INMATE/RESIDENT APPEAL** (Attach additional pages if necessary. All pages must include the grievance number.)

I do not wish to appeal at this time

**WARDEN/ADMINISTRATOR'S DECISION:** (Attach additional pages if necessary. All pages must include the grievance number.)

Warden/Administrator's Signature: _____  Date: _____

Inmate/Resident's Signature (upon receipt) _____  Date: _____

03/07

# Exhibit D

# Marion County Jail II

**730 E. Washington Street**
**Indianapolis,IN 46202**
**(317) 266-0882**

Patient:   LAUDERDALE, LAMONE
MARCJ 2
H 28 B

Age/DOB: 28 years 17Oct1987
MRN #:    1200329
Agency #: 625138

## Medication List

| Medication | Days | Qty | Refills | Start | End | Provider Status |
|---|---|---|---|---|---|---|
| Cyclobenzaprine HCl - 10 MG Oral Tablet<br>TAKE 1 TABLET 3 TIMES DAILY. | 10 | 30 Tablet | 1 | 6Oct2015 | 26Oct2015 | Propst, Neil<br>Active |
| Ibuprofen 200 MG Oral Tablet<br>TAKE 4 TABLET TWICE DAILY GIVE WITH CRACKERS | 10 | 80 Tablet | 1 | 6Oct2015 | 4Nov2015 | Propst, Neil<br>Active |

# SUMMONS

In the
Circuit Court of
Marion County, Indiana

LAMONE LAUDERDALE

49D10 16 0 9 CT 033152

Plaintiff

Cause No.

—vs-
JOHN LAYTON

Defendant

TO DEFENDANT: (Name) _____ JOHN LAYTON _____

(Address) _____ 40. S. ALABAMA ST. _____

INDIANAPOLIS, IN 46204 _____

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

SEP 16 2016

Dated _____     _____ (Seal

Clerk, Circuit Court of Marion County
CLERK OF THE MARION CIRCUIT COURT

(The following manner of service of summons is hereby designated.)

[ ] Registered or certified mail.

[ ] Service on individual     (Personal or copy) at above address.

[ ] Service at place of employment, to-wit: _____

[ ] Service on agent. (Specify) _____

Other service. (Specify) _____

Lamone Lauderdale (pro se)
**Attorney for Plaintiff**

1946 W. US. Hwy. 40
Address Greencastle, IN 46135

Marion County Circuit Court
200 East Washington St., W-506
Indianapolis, IN 46204

Telephone _____     Telephone _____

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20_____.

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,_____

_____

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of_____

_____

(3) Other Service or Remarks:_____

_____

_____         _____
Sheriff's Costs                                  Sheriff

                                                 By:_____
                                                     Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____ mailed a copy

of this Summons and a copy of the complaint to the defendant, _____

by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                 _____
                                                 Clerk of the Circuit Court of Marion County

Dated: _____, 20____         By:_____
                                                     Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

hereby certify that the attached return receipt was received by me showing that the Summons and a copy of

the complaint mailed to defendant _____ was accepted by the

defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of

the complaint was returned not accepted on the _____ day of _____, 20_____

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of

the complaint mailed to defendant _____ was accepted by

_____ on behalf of said defendant on

the _____ day of _____, 20_____.

                                                 _____
                                                 Clerk of the Circuit Court of Marion County

                                                 By:_____
                                                     Deputy

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D10-1609-CT-033152 |

LAMONE LAUDERDALE,                      )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )
                                        )
JOHN LAYTON, DEPUTY WILLIAM RUSSELL,)
DEPUTY SCHULTZ, DEPUTY DEVON CLARK, )
and CORPORAL THOMAS WILLIAMS,           )
                                        )
            Defendants.                 )

**FILED**

OCT 07 2016

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1.  The parties on whose behalf this form is being filed are:  RESPONDING, and the undersigned attorney listed on this form now appears in this case for the following parties:  DEFENDANTS:

    (1) JOHN LAYTON;

    (2) DEPUTY WILLIAM RUSSELL;

    (3) DEPUTY SCHULTZ;

    (4) DEPUTY DEVON CLARK; and

    (5) CORPORAL THOMAS WILLIAMS

2.  Attorney information for service as required by Trial Rule 5(B)(2):

    | | |
    |---|---|
    | Name: | Pamela G. Schneeman, (18142-53) |
    | Address: | Office of Corporation Counsel |
    | | 200 East Washington Street, Suite 1601 |
    | | Indianapolis, IN  46204 |
    | Phone: | (317) 327-4055 |
    | FAX: | (317) 327-3968 |
    | Email: | Pamela.Schneeman@indy.gov |

3.  This is a "CT" case type as defined in Administrative Rule 8(B)(3).

4.  I will accept Fax service:  NO
    I will accept Email service: YES at Pamela.Schneeman@indy.gov.

5.     This case does NOT involve child support issues.

6.     This case does NOT involve a protection from abuse order, a workplace violence restraining order, or a no-contact order.

7.     This case does NOT involve a petition for involuntary commitment.

8.     NOT APPLICABLE

9.     There are NO related cases.

10.    Additional information required by local rule:  NONE.

11.    Are there other party members:  NO.

12.    This form has been served on all other parties and Certificate of Service is attached: YES.


Respectfully Submitted,


Pamela G. Schneeman, (18142-53)
Deputy Chief Litigation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana   46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: Pamela.Schneeman@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October <u>7</u>, 2016 a copy of the foregoing APPEARANCE BY

ATTORNEY IN CIVIL CASE was served upon all parties listed below, by United States mail,

first-class, postage prepaid.

Lamone Lauderdale, #132421
Putnamville Correctional Facility
1946 W. U.S. Hwy. 40
Greencastle, IN 46135

 

 

Pamela G. Schneeman, (18142-53)
Deputy Chief Litigation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968