UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAMONE LAUDERDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02684-TWP-DKL |
| | ) | |
| JOHN LAYTON, | ) | |
| WILLIAM RUSSELL Deputy, | ) | |
| SCHULTZ Deputy, | ) | |
| DEVON CLARK Deputy, | ) | |
| THOMAS WILLIAMS Corporal, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at the Putnamville Correctional Facility. He brought this action in Marion Superior Court pursuant to 42 U.S.C. § 1983 and Indiana state law alleging that his rights were violated when he was housed at the Marion County Jail. The defendants then removed the action to this Court. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Given the foregoing, the following claims are **dismissed**: Any claim against Sheriff John Layton is **dismissed**. Lauderdale alleges no actionable wrong doing by Sheriff Layton. Evidently Sheriff Layton is named because of his overall responsibility for the operation of the Marion County Jail. This itself will not support liability under § 1983. *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). Lauderdale's allegations that Sheriff Layton failed to provide a safe environment and "allowed deputies" to assault him are too vague to raise a right to relief above the speculative level. *See Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) ("[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). Any claim that the plaintiff was denied equal protection under the law is also **dismissed** because he does not allege that he was treated unfairly based on his membership in any particular protected class. *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual.").

The claims that Deputies William Russell, Devon Clark, Thomas Williams, and Shultz exercised excessive force against the plaintiff and exhibited deliberate indifference to his need for medical attention **shall proceed** as claims that these defendants violated the plaintiff's constitutional rights and as claims that these defendants battered the plaintiff in violation of Indiana law.

The clerk shall **terminate** defendant Layton from the docket. The defendants have already appeared in this action. They shall have **twenty-one days** after the issuance of this Entry to file an Answer to the complaint.

**IT IS SO ORDERED.**

Date: 11/22/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

LAMONE LAUDERDALE
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135