UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAMONE LAUDERDALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02684-TWP-TAB |
| ) | |
| WILLIAM RUSSELL Deputy, ) | |
| SCHULTZ Deputy, ) | |
| DEVON CLARK Deputy, ) | |
| THOMAS WILLIAMS Corporal, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion to Amend and Directing Further Proceedings**

Plaintiff Lamone Lauderdale's initial complaint was screened in the Entry of November 22, 2016. The claims that are currently proceeding are the claims that Deputies William Russell, Devon Clark, Thomas Williams, and Shultz exercised excessive force against him or failed to protect him from the use of force and exhibited deliberate indifference to his need for medical attention. Lauderdale has filed a motion to amend his complaint seeking to add a number of new claims against a number of new defendants. Lauderdale's motion to amend, dkt. [47], is **granted**. The **clerk shall re-docket** the proposed amended complaint [dkt 47-1] as the Amended Complaint.

**I. Screening of the Amended Complaint**

Because Lauderdale is a "prisoner" as defined by 28 U.S.C. § 1915(h), the amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To

survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Lauderdale, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

      A. *Claims which Shall Proceed*

In the proposed amended complaint, Lauderdale first alleges that Officer William Russell exercised excessive force against him and Deputy Shultz, Deputy Corporal Thomas Williams, Deputy Devon Clark, and Deputies Lt. John Doe, and Deputy John Doe 1 failed to protect him from this force. He also alleges that Russell, Shultz, Clark, Williams, Deputy Street, and a number of John Doe defendants were deliberately indifferent to his need for medical attention after the alleged use of force. These claims, except the claims against the John Doe defendants, **shall proceed**. The claims against the John Doe defendants are **dismissed** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Lauderdale is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Lauderdale also alleges that Colonel Eva Talley-Sanders was deliberately indifferent to a risk to his safety when she provided inadequate supervision, was made aware of the force against

him and the need for medical attention, and failed to take action. He states that he told her about the incident and she told him to file a grievance and provided him with a grievance form. He concludes that she was aware of the defendants' actions and therefore was deliberately indifferent by failing to supervise the defendants. The claims against Talley-Sanders **shall proceed** as a claim for negligent supervision under Indiana law and a claim that Talley-Sanders was deliberately indifferent to Lauderdale's need for medical attention.

Lauderdale also asserts that Marion County Sheriff John Layton was negligent and deliberately indifferent by failing to supervise his employees and provide a safe and secure jail and this resulted in the Lauderdale's injuries. These claims **shall proceed**.

B. *Claim which is Dismissed*

Lauderdale next alleges that defendant John Doe grievance coordinator failed to properly file and process his grievances. In addition to suffering from the same deficiency as the previously-dismissed claims against John Doe defendants, this claim must be **dismissed** for failure to state a claim upon which relief can be granted because the Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because Lauderdale had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through ' 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983).

C. *Claims which are Improperly Joined*

Lauderdale further alleges that defendant Doctor John Doe was negligent and deliberately indifferent to Lauderdale's serious medical needs. This claim must be **dismissed** because, as explained above, Lauderdale cannot sue John Doe defendants. Further, even if he had properly identified this defendant, this claim would have to be dismissed as improperly joined to the claims that are proceedings. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action. In such a situation, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Lauderdale's claims against medical providers regarding the medical care he received are not sufficiently related to the claims of excessive force and failure to protect for them to proceed in the same case.

A few days after the alleged use of force, Lauderdale was transferred to the Marion County Jail II. He alleges that at that time medical providers there, including Eric Duncan, Neil Propst, and a number of Jane Doe nurses were negligent and deliberately indifferent to his medical needs. For the same reason that the claims against medical providers at the Marion County Jail are improperly joined, these claims are also improperly joined and are therefore **dismissed** without prejudice as filed in this case. Because Lauderdale has named Duncan and Propst as defendants, the claims against them will be severed.

To effectuate this ruling, a new civil action from the Indianapolis Division shall be opened, consistent with the following:

    a.    Lamone Lauderdale shall be the plaintiff in the newly opened action.

    b.    The defendants in the newly opened action shall be Eric Duncan and Neil Propst.

    c.    The Nature of Suit in the newly opened action shall be 555.

    d.    The Cause of Action the newly opened action shall be 42:1983pr.

    e.    The Amended Complaint in this action shall be filed and re-docketed as the complaint in the newly opened action.

    f.    A copy of this Entry shall be docketed in the newly opened action.

    g.    This action and the newly-opened actions shall be shown as linked actions.

    h.    The defendant in the newly opened action shall be Eric Duncan and Neil Propst.

    i.    The assignment of judicial officers shall be by random draw.

### III. Further Proceedings

As discussed above, the following claims alleged in the Amended Complaint **shall proceed**: (1) The claim that Officer William Russell exercised excessive force against Lauderdale and Deputy Shultz, Deputy Corporal Thomas Williams, and Deputy Devon Clark, failed to protect him from this force; (2) The claim that Russell, Shultz, Clark, Williams, and Deputy Street were deliberately indifferent to Lauderdale's need for medical attention after the alleged use of force; (3) The claims against Colonel Eva Talley-Sanders for negligent supervision under Indiana law and for deliberate indifference to Lauderdale's need for medical attention; and (4) The claim that Marion County Sheriff John Layton was negligent and deliberately indifferent by failing to supervise his employees and provide a safe and secure jail and this resulted in the Lauderdale's injuries. All other claims are **dismissed** and the claims

against defendants Eric Duncan and Neil Propst are **severed** into a new civil action as provided above. If Lauderdale believes he has raised a claim that was not addressed in this ruling, he shall have **through July 10, 2017**, to notify the Court.

Defendants Russell, Shultz, Clark, and Williams have already appeared in this action. They shall have **twenty-one** days to answer the amended complaint.

The **clerk shall** add Colonel Eva Talley-Sanders and Sherriff John Layton as defendants. The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Talley-Sanders and Layton in the manner specified by Rule 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The previously-requested *Pavey* hearing will be scheduled after defendants Talley-Sanders and Layton have appeared and answered the complaint.

**SO ORDERED**

Date: 6/22/2017

_[signature: Tanya Walton Pratt]_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lamone Lauderdale
132421
Pendleton Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel

Eva Talley-Sanders
Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Sheriff John Layton
Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204