UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAMONE LAUDERDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02684-TWP-TAB |
| | ) | |
| JOHN LAYTON, | ) | |
| WILLIAM RUSSELL Deputy, | ) | |
| SCHULTZ Deputy, | ) | |
| DEVON CLARK Deputy, | ) | |
| THOMAS WILLIAMS Corporal, | ) | |
| EVA TALLEY-SANDERS Chief Deputy, | ) | |
| STREET Deputy, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Motion to Enter Default Judgment,
Screening Second Amended Complaint and Directing Further Proceedings**

### I. Motion to Enter Default Judgment or the Courts to Intervene

The plaintiff's motion to enter default judgment or the courts to intervene, dkt. [89], is **denied** because the defendants are not in default. If the plaintiff is seeking to compel the defendants to comply with his discovery requests, he should file a motion to compel and state in detail what items of discovery he has requested but not received, and what efforts he has made to resolve this issue with opposing counsel.

### II. Screening Second Amended Complaint

On February 15, 2018, the plaintiff filed his second amended complaint. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his second amended complaint before service on the defendants. The second amended complaint names the following defendants: 1) Marion County Sheriff John Layton, 2) Deputy William Russell, 3) Corporal Eva Talley-Sanders, 4) Deputy Erich Gephart, 5)

Deputy Cameron Nelson, 6) Corporal Thomas Williams, 7) Deputy Devon Clark, 8) Deputy Jeremy Street, 9) Deputy Schultz, and 10) Correct Care Solutions of Indiana, LLC. The plaintiff alleges that he was assaulted by several correctional officers while other officers stood by. He further alleges that the defendants were deliberately indifferent to his resulting medical needs. He seeks declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs.

### III. Claims which Shall Proceed

In the proposed amended complaint, the plaintiff first alleges that Deputy William Russell exercised excessive force against him and Deputy Schultz, Corporal Thomas Williams, Deputy Devon Clark, Deputy Erich Gephart, and Deputy Cameron Nelson failed to protect him from this force. He also alleges that Russell, Schultz, Clark, Williams, Gephart, Nelson, and Deputy Street were deliberately indifferent to his need for medical attention after the alleged use of force. The plaintiff also alleges that Williams, Clark, and Schultz assaulted him and that Gephart, Williams, Clark, Nelson and Schultz failed to protect him from the assaults. These claims **shall proceed** under both Indiana law and 42 U.S.C. § 1983.

The plaintiff also alleges that Colonel Eva Talley-Sanders was deliberately indifferent to a risk to his safety when she provided inadequate supervision, was made aware of the force against him and the need for medical attention, and failed to take action. The claims against Talley-Sanders **shall proceed** under both Indiana law and 42 U.S.C. § 1983.

The plaintiff also alleges that Marion County Sheriff John Layton was negligent and deliberately indifferent by failing to supervise his employees and provide a safe and secure jail and this resulted in the Lauderdale's injuries. These claims **shall proceed** under both Indiana law and 42 U.S.C. § 1983.

## IV. Claims which are Dismissed

Lauderdale next alleges that defendant Correct Care Solutions of Indiana, LLC, and its medical staff, were negligent and deliberately indifferent to violations of Lauderdale's constitutional rights and his serious medical needs. These claims are **dismissed without prejudice because they are misjoined**. Lauderdale is reminded that the Court severed his initial claims that medical staff were deliberately indifferent to his medical needs. Those claims are proceeding in case number 1:17-cv-02168-TWP-DML. The **clerk is directed to** terminate Correct Care Solutions of Indiana, LLC, as a defendant in this action.

In count nine of the second amended complaint, Lauderdale attempts to bring a claim of retaliation but does not name any defendants. Therefore, this claim is **dismissed for failure to state a claim upon which relief can be granted**.

## V. Service of Process

Defendants Russell, Schultz, Clark, and Williams, Talley-Sanders, Layton, and Street have already appeared in this action. They shall have **twenty-one (21)** days to answer the second amended complaint.

The **clerk shall** add Deputy Erich Gephart and Deputy Cameron Nelson as defendants. Because Lauderdale is represented by counsel, he shall serve defendants Gephart and Nelson with the second amended complaint and this Entry, unless counsel requests assistance from the Court.

**IT IS SO ORDERED.**

Date: 2/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF