# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LAMONE LAUDERDALE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-02684-TWP-TAB |
| WILLIAM RUSSELL Deputy, | ) |
| DEVON CLARK Deputy, | ) |
| THOMAS WILLIAMS Corporal, | ) |
| STREET Deputy, | ) |
| Defendants. | ) |

### ENTRY GRANTING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES

This matter is before the Court on a Motion *in Limine* to Exclude Plaintiff's Experts filed by Defendants William Russell, Thomas Williams, Devon Clark, and Jeremy Street ("Defendants"). (Filing No. 143.) Plaintiff Lamone Lauderdale ("Lauderdale") has disclosed four witnesses that he intends to qualify as experts at trial. (Filing No. 143-1.) Defendants ask the Court to exclude those experts from testifying at trial. For the following reasons, Defendants' Motion is **granted**.

## I. BACKGROUND

The facts of this case are set forth at length in the Court's Entry on Defendants' Motion for Partial Summary Judgment. (Filing No. 139.) In summary, while incarcerated in the Marion County Jail, Lauderdale alleges he was assaulted by the Defendants, all of whom are Marion County Sheriff Deputies, and that he was retaliated against and denied proper medical treatment. This matter is scheduled for trial by jury on February 3, 2020 on Lauderdale's claims of excessive force and deliberate indifference.

## II.  LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

Federal Rule of Evidence 702 governs testimony of expert witnesses. An expert may testify regarding the ultimate issue in a case. Fed. R. Evid. 704(a). Furthermore, an expert can base her opinion on inadmissible evidence. Fed. R. Evid. 703. However, "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003).

Under the gatekeeping requirement set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), "the district court has a duty to ensure that expert testimony offered under Federal Rule of Evidence 702 is both relevant and reliable." *Jenkins v. Bartlett*, 487 F.3d 482, 488-89 (7th Cir. 2007) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)). "Whether proposed expert testimony is sufficiently reliable under Rule 702 is dependent upon the facts and circumstances of the particular case." *Id.* at 489. The court is given "latitude in determining not only how to measure the reliability of the proposed expert testimony but also

whether the testimony is, in fact, reliable." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010) (citing *Jenkins*, 487 F.3d at 489).

In determining reliability, the court will "consider the proposed expert's full range of experience and training in the subject area, as well as the methodology used to arrive at a particular conclusion." *Id*. Additionally, the district court must determine whether the proposed expert testimony will assist the trier of fact in determining a fact in issue or understanding the evidence. *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002). "Determinations on admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination." *Gayton*, 593 F.3d at 616.

> Vigorous cross examination, presentation of contrary evidence and careful jury instructions … are the traditional and appropriate means of attacking shaky but admissible evidence. The rejections of expert testimony is the exception rather than the rule, and the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.

*Richman v. Sheahan*, 415 F. Supp. 2d 929, 934 (N.D. Ill. 2006) (citations and quotation marks omitted).

### III.  DISCUSSION

On April 15, 2019, Lauderdale served the Defendants with his expert disclosure, naming four expert witnesses. (Filing No. 143-1.) All four are medical professionals who personally treated Lauderdale prior to, during, or after his incarceration. Defendants argue that Lauderdale failed to comply with the disclosure requirements set forth in Rule 26(a)(2), and thus the Court should bar the witnesses from giving expert testimony at trial. (Filing No. 144.) Defendants do not dispute that the four witnesses—Donna J. Purviance, NP; Mytrice E. Macon, MD; Kristin Roth, DPT; and Dr. Person—would be appropriate fact witnesses, they only object to the witnesses offering expert medical testimony. *Id.* at 3 (n. 1).

3

A.  **Federal Rule of Evidence 702 and *Daubert***

Federal Rule of Evidence 702 governs testimony of expert witnesses:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. A party that intends to call an expert witness at trial must disclose that intention to other parties in advance of trial. Fed. R. Civ. P. 26(a)(2). Judge Richard Young succinctly explained the law governing Rule 26 disclosures for treating medical professionals in *Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-1020, 2015 WL 1396606, at *2 (S.D. Ind. Mar. 25, 2015):

> A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must include a full written report "if the witness is one retained or specially employed to provide expert testimony in the case …." Fed. R. Civ. P. 26(a)(2)(B). The 2010 Amendment to Rule 26 added 26(a)(2)(C), instructing that non-retained witnesses who happen to be experts must provide summary disclosures. A summary disclosure must state the subject matter of the expected evidence and a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C). Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. *See Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117, 2014 WL 6474065, at *2 (S.D. Ind. Nov. 19, 2014) (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)). Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not "retained or specially employed to provide testimony." *Id.* In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure so long as the testimony does not exceed the scope of observations made during treatment. *Id.*; *see also Brunswick v. Menard, Inc.*, No. 2:11-cv-247, 2013 WL 5291965, at *3-4 (N.D. Ind. Sept. 19, 2013) (explaining that under the amended Rule 26, any physician who intends to testify must submit, at the very least, a summary report; and whether such testimony calls for a full expert report depends on the breadth of the testimony); *accord Crabbs v. Wal-Mart Stores, Inc.*, No. 4:09-cv-519-RAW,

4

2011 WL 499141, at *3 (S.D. Iowa Feb. 4, 2011) (recognizing that amendments to Rule 26 supersede prior cases requiring full expert reports from non-retained experts who intend to present opinion testimony).

Likewise, a treating physician disclosed under 26(a)(2)(C) may provide causation testimony if he or she formed such opinions during the course of treatment. *See EEOC v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) (citing the holding in *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010); *see also Brunswick v. Menard, Inc.*, No. 2:11-cv-247, 2013 WL 5291965, at *3-4 (N.D. Ind. Sept. 19, 2013). In *Meyers*, the Court of Appeals for the Seventh Circuit held:

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment*, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

619 F.3d at 734-35 (emphasis added in *Slabaugh*). Although *Meyers* preceded the 2010 Amendment, the summary disclosure mandate of 26(a)(2)(C) creates a minimum requirement for non-retained experts and thus does not disturb the holding in *Meyers*. *See Brunswick*, 2013 WL 5291965, at *4 (explaining the purpose of the amendment). Therefore, the scope of treatment provided by Plaintiff's treating physicians governs the extent to which they may testify on issues of causation, not whether they intend to provide opinion testimony.

*Slabaugh* at *2. Here, Lauderdale has not provided any information on the nature of treatment the treating physicians provided vis-à-vis their expected testimony, so the Court cannot determine whether any opinions concerning causation were formed during the course of treatment.

The Court will analyze Lauderdale's disclosures under Rule 26(a)(2)(C). A summary disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). This requirement is substantially less than the full expert report required by Rule 26(a)(2)(B). Thus, "[c]ourts must take care against requiring undue detail,

5

keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a) advisory committee's note (2010). On the other hand, to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than a passing reference to the care a treating physician provided. *Slabaugh* at *3 (citing *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). "They must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Id.* (citations omitted).

Lauderdale provided the following disclosure for his four proposed experts:

1. Donna J. Purviance, NP

\*\*\*

Ms. Purviance is a Nurse Practitioner and was a treating healthcare provider of Plaintiff. Ms. Purviance is expected to testify generally about Mr. Lauderdale's conditions with respect to his condition prior to his incarceration at Marion County Jail and following his release from Marion County Jail, including but not limited to necessary prospective care, treatment and surgical procedures to restore his health to pre-incarceration conditions. Ms. Purviance's testimony will be based upon her personal assessments, examinations, diagnosis and prognosis, as well as her review of Plaintiff's medical records from other medical care providers during the same period.

2. Dr. Mytrice E. Macon, MD

\*\*\*

Dr. Macon is a physician employed in Neurosurgery Department of Eskanzi [sic] Health and was a treating healthcare provider of Plaintiff. Dr. Macon is expected to testify generally about Mr. Lauderdale's conditions with respect to his medical conditions prior to his incarceration at Marion County Jail and following his release from Marion County Jail, including but not limited to necessary prospective care, treatment and surgical procedures to restore his health to pre-incarceration conditions. Dr. Macon's testimony will be based upon personal assessments, examinations, diagnosis and prognosis, as well as review of Plaintiff's medical records from other medical care providers during the same time period.

3. Kristin Roth, DPT

6

> \*\*\*
>
> Krisitn [sic] Roth, DPT is a physical therapist employed by Eskanzi [sic] Health and was a treating healthcare provider of Plaintiff. Dr. Roth is expected to testify generally about Mr. Lauderdale's conditions with respect to his medical conditions, pain and treatment following his incarceration at Marion County Jail including but not limited to necessary prospective care and treatment to restore his health to pre-incarceration conditions. Dr. Roth's testimony will be based upon personal assessments, examinations, diagnosis and prognosis, as well as review of Plaintiff's medical records from other medical care providers during the same time period.
>
> 4. Dr. Person, MD
>
> \*\*\*
>
> Dr. Person is a physician employed by Corison [sic] Industries, Inc. and was a treating healthcare provider of Plaintiff following his transfer to the Indiana Department of Corrections. Dr. Person is expected to testify generally about Mr. Lauderdale's conditions with respect to his medical conditions currently, following his release from Marion County Jail, including but not limited to necessary prospective care, treatment and surgical procedures to restore his health to pre-incarceration conditions. Dr. Macon's [sic] testimony will be based upon personal assessments, examinations, diagnosis and prognosis, as well as review of Plaintiff's medical records from other medical care providers during the same time period.

([Filing No. 143-1](Filing No. 143-1).)

Defendants argue these disclosures fall short of the requirements of Rule 26(a)(2)(C) because they do not provide a summary of the facts and opinions to which the witnesses will testify. ([Filing No. 144 at 8](Filing No. 144 at 8).) The Court agrees. The disclosures say that the treating medical professionals will testify as to Lauderdale's condition before and after his incarceration, but they do not address whether the witnesses will discuss causation. To the extent the putative expert witnesses intend to testify about causation, the disclosures do not address the facts or opinions that will form the basis for that testimony as required by Rule 26(a)(2)(C). The disclosures refer to "medical conditions, pain and treatment," but do not summarize the putative experts' opinions on those issues. Nor do the disclosures address the medical professionals' opinions on "prospective care" or "diagnosis and prognosis," they only disclose that the witnesses will testify about these

7

things. These vague disclosures are merely a passing reference to the care rendered by the treating medical professionals, and do not summarize any actual opinions held or facts adduced by them. The Court finds that Lauderdale's disclosures of Donna J. Purviance, NP, Dr. Mytrice E. Macon, MD, Kristin Roth, DPT, and Dr. Person, MD do not sufficiently summarize the facts and opinions to which each will testify and thus fail to comply with Rule 26(a)(2)(C), specifically subsection (ii).

Failure to comply with the disclosure requirements set forth in Rule 26(a) results in the exclusion of improperly disclosed witnesses unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). The Court has broad discretion in determining whether an error is harmless or justified, but it should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (quoting *Westefer v. Snyder*, 422 F.3d 570, 585 n. 21 (7th Cir. 2005)).

Lauderdale does not address the question of whether his failure to comply with Rule 26(a)(2)(C)'s disclosure requirements was substantially justified or harmless. Defendants argue that Lauderdale's inadequate disclosures "leave Defendants to speculate on what matters he seeks to introduce at trial." ([Filing No. 144 at 10](#).) Defendants also point out that they, through counsel, informed Lauderdale that they objected to his inadequate disclosures because those disclosures left them unsure of what causation evidence Lauderdale intended to elicit from his proposed expert witnesses. *Id.* at 11. Defendants requested that Lauderdale supplement his disclosures, but he declined to do so. This case is fast approaching the eve of trial. The Court finds that Lauderdale's inadequate disclosures are neither substantially justified nor harmless. The appropriate remedy

8

for this failure to comply with Rule 26(a)(2)(C) is exclusion of Lauderdale's expert witnesses. Because the four medical professionals identified by Lauderdale in his expert disclosure have personal knowledge about his medical history, they are permitted to testify as fact witnesses, but will not be allowed to give expert opinion testimony.

## IV. CONCLUSION

For these reasons, Defendants' Motion *in Limine* to Exclude Plaintiff's Experts ([Filing No. 143](Filing No. 143)) is **GRANTED**. The four medical professionals identified in Lauderdale's expert disclosure ([Filing No. 143-1](Filing No. 143-1)) will be permitted to testify only as fact witnesses; they are barred from giving expert opinion testimony.

**SO ORDERED.**

Date: 12/26/2019

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel Kyle Dilley
DILLEY & OAKLEY, P.C.
d.dilley@dilley-oakley.com

Robert M. Oakley
DILLEY & OAKLEY PC
firm@dilley-oakley.com

Traci Marie Cosby
OFFICE OF CORPORATION COUNSEL
Traci.Cosby@indy.gov

Andrew Scheil
OFFICE OF CORPORATION COUNSEL
Andrew.Scheil@indy.gov