# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAMONE LAUDERDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02684-TWP-TAB |
| | ) | |
| WILLIAM RUSSELL Deputy, | ) | |
| DEVON CLARK Deputy, | ) | |
| THOMAS WILLIAMS Corporal, | ) | |
| STREET Deputy, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Defendants William Russell, Thomas Williams, Devon Clark, and Jeremy Street ("Defendants"). (Filing No. 157.) The Motion asks the Court to rule on various evidentiary issues in anticipation of the trial scheduled to begin on February 3, 2020. Plaintiff Lamone Lauderdale ("Lauderdale") did not respond to the Motion. For the following reasons, Defendants' Motion is **granted in part and denied in part**.

### I. BACKGROUND

The facts of this case are set forth at length in the Court's Entry on Defendants' Motion for Partial Summary Judgment. (*See* Filing No. 139.) In summary, while incarcerated in the Marion County Jail, Lauderdale alleges he was assaulted by the Defendants, all of whom are Marion County Sheriff Deputies, and that he was retaliated against and denied proper medical treatment. This matter is scheduled for trial by jury on February 3, 2020 on Lauderdale's claims of excessive force and deliberate indifference.

## II.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## III.     DISCUSSION

Defendants ask the Court to rule on the admissibility of ten categories of evidence: (1) evidence related to use of force incidents by any Defendants against individuals other than Lauderdale; (2) evidence related to high-profile allegations of law enforcement misconduct, strained law enforcement-community relationships, or how prisons operate; (3) evidence related to the lack of surveillance footage of the use of force incidents Lauderdale alleges; (4) evidence relating to lawsuits filed against the Marion County Sheriff's Office ("MCSO"); (5) evidence relating to any other lawsuits filed against any Defendant; (6) expert testimony from Lauderdale's medical witnesses; (7) witnesses or exhibits that were not included on Lauderdale's preliminary witness and exhibit lists; (8) evidence related to Defendants' violation of any MCSO policy, procedure, rule, or regulation; (9) argument that Defendants are indemnified by the MCSO or the City of Indianapolis; and (10) argument that the jury should "punish" the Defendants. (Filing No. 157.)

1. **Use of Force Incidents Against Other Individuals**

Defendants ask the Court to "prohibit any reference, evidence, or testimony relating to use of force incidents by any Defendant against any other individuals that do not include any Defendants' alleged uses of force at issue in this case." (Filing No. 157 at 2-3.) The Court agrees that any such evidence is irrelevant and therefore excluded by Federal Rule of Evidence 401. Such evidence would also be impermissible character evidence properly excluded under Fed. R. Evid. 404. Absent argument to the contrary, the Court **grants** the motion *in limine* on the issue of reference to any other use of force incidents.

2. **Allegations of Law Enforcement Misconduct or Strained Law Enforcement-Community Relationships**

Defendants assert that "[t]he Court should prohibit any reference, evidence, or testimony relating to high-profile allegations of law enforcement misconduct; strained law enforcement-community relationships; or how prisons operate." (Filing No. 157 at 3-4.) They argue that this case "must be decided on the evidence presented at trial and not based on media reports or social media posts about other incidents or biases fueled by a party's rhetoric." *Id.* at 4. Although there is no indication that Lauderdale intends to tie this case to other instances of alleged law enforcement misconduct or problems in other prisons, this type of evidence could confuse the jury, delay the trial, and mislead the jury to regard the conduct of Defendants in this case to conduct of others. *See Duran v. Town of Cicero*, 653 F.3d 632, 645 (7th Cir. 2011) (upholding exclusion of evidence of misconduct complaints against officer in excessive-force case because introduction "risked creating a sideshow and sending the trial off track"); *Treece v. Hochstetler*, 213 F.3d 360, 363–64 (7th Cir. 2000) (upholding exclusion of officer's past misconduct because conduct not sufficiently similar to permit inference of pattern). Defendants' Motion *in Limine* is **granted** on this issue and such evidence is excluded pursuant to Federal Rule of Evidence 401 and Rule 402,

which govern the inadmissibility of irrelevant evidence, and Rule 403, which governs the exclusion of unfairly prejudicial evidence.

### 3. Lack of Surveillance Footage

Defendants assert that the "[p]laintiff, his attorneys, and witnesses should be precluded from making any suggestion that the jury should make a negative inference from the lack of … video footage" of the use of force incidents alleged in Lauderdale's complaint. (Filing No. 157 at 6.) No evidence indicates Defendants intentionally or negligently mishandled or erased any video footage of these alleged incidents. Any reference to the lack of such footage is both irrelevant and unfairly prejudicial. Fed. R. Evid. 402, 403. Defendants' Motion *in Limine* is **granted** as to the issue of a lack of surveillance footage.

### 4. Other Lawsuits Filed Against the Marion County Sherriff's Office ("MCSO") or Defendants

The Defendants ask the Court to exclude any evidence of other lawsuits filed against the MCSO. (Filing No. 157 at 6-7.) The Court agrees with Defendants that this evidence would be both irrelevant and unfairly prejudicial, and thus is inadmissible under Fed. R. Evid. 402 and 403. Absent any argument to the contrary, Defendants' Motion *in Limine* is **granted** as to the issue of separate lawsuits filed against the MCSO.

### 5. Other Lawsuits Filed Against the Defendants Individually

The Defendants ask the Court to exclude any evidence of other lawsuits filed against them individually. (Filing No. 157 at 7.) The Court agrees with Defendants that this evidence would be both irrelevant and unfairly prejudicial, and thus is inadmissible under Fed. R. Evid. 402 and 403. Absent any argument to the contrary, Defendants' Motion *in Limine* is **granted** as to the issue of other lawsuits filed against the Defendants individually.

### 6. **Witnesses and Exhibits that were not Included on Lauderdale's Preliminary Witness and Exhibit Lists**

Defendants argue that because Lauderdale did not file final witness and exhibits lists in this case, he should be limited to offering the witnesses and exhibits on his preliminary lists. ([Filing No. 157 at 9](#).) Lauderdale filed final witness and exhibits lists on December 26, 2019—three days after Defendants filed this Motion. ([Filing No. 158](#), [Filing No. 159](#).) Those lists are the subject of separate objections made by the Defendants. ([Filing No. 166](#), [Filing No. 167](#).) The Court would like to afford Lauderdale an opportunity to explain the late filings before ruling on this issue. Defendants' Motion *in Limine* on this issue is **denied as moot**, and the Court will rule on Defendants' objections in a separate entry.

### 7. **Exclude Testimony of Undisclosed Expert Witnesses**

In a prior Entry the Court ruled on this issue, determining that Lauderdale's medical witnesses may testify as fact witnesses but not as expert witnesses. (*See* [Filing No. 160](#).) Accordingly, for the reasons stated in the prior Entry, the Motion *in Limine* is **granted** and Lauderdale is precluded from offering expert testimony from the four medical witnesses – Donna J. Purviance, NP, Mytrice E. Macon, MD, Kristin Roth, DPT, and Dr. Person.

### 8. **Defendants' Violation of any MCSO Policy or Procedure**

Defendants move to "prohibit any reference, testimony, or argument concerning any Defendants' [sic] violation of or failure to comply with any MCSO policy, procedure, rule, or regulation." ([Filing No. 157 at 10-11](#).) They cite *Thompson v. City of Chi.*, 472, F.3d 444, 457 (7th Cir. 2006), which held that "[w]hile it may be that failure to adhere to the General Orders may cause an officer problems with his superiors in the [police department], or possibly even lead to disciplinary procedures against him or her, they have little or no bearing on whether the officer breached his duty of care in apprehending [a suspect]." The Court notes that Lauderdale's exhibits

list does not indicate he intends to introduce any MCSO policies or procedures[1] ([Filing No. 159](#))
but Defendants' exhibits list includes four MCSO Jail Division Policies and Procedures ([Filing
No. 152](#)). If the Defendants offer four MCSO policies to show their compliance with those
policies, other MCSO policies might also be admissible under Rule 106, and Lauderdale could
offer them to show noncompliance. At this stage of the proceedings, the Court cannot determine
whether evidence concerning the violation or failure to comply with policies would be relevant or
prejudicial in this case. Defendants' Motion *in Limine* is **denied** as to admissibility, testimony or
argument regarding MCSO policies and procedures.

### 9. Argument that Defendants are Indemnified

Defendants move to preclude evidence, testimony, or argument suggesting that the MCSO
or that the City of Indianapolis and Marion County would pay for any damages awards against the
Defendants. ([Filing No. 157 at 11](#).) Although there is no indication that Lauderdale intends to
offer evidence or argument that the Defendants are indemnified against a damages award, such
evidence would be both irrelevant and prejudicial, and thus the Court **grants** the Motion *in Limine*
as to indemnification under Fed. R. Evid. 402 and 403.

### 10. Argument that the Jury should "Punish" Defendants

Defendants ask the Court to "preclude Plaintiff from arguing or making any statement,
reference, implication, that the jury should 'punish' Defendants." ([Filing No. 157 at 11-12](#).)
Because Lauderdale did not make a claim for punitive damages, the Defendants believe phrases
like "send defendants a message" or "teach them a lesson" would be misleading because they
suggest the jury may return an award of punitive damages. Because no claim for punitive damages

---

[1] Lauderdale's exhibit list does include the "Inmate Handbook." Defendants object to this evidence on relevance and prejudice grounds. ([Filing No. 166 at 3](#).) It is unclear whether this document is an MCSO policy or procedure covered by this Motion as well.

has been made, argument and references for a punitive award are both irrelevant and prejudicial. Defendants' Motion *in Limine* is **granted** as to this issue.

## IV. CONCLUSION

For the reasons stated above, the Defendants' Motion *in Limine* ([Filing No. 157](#)) is **GRANTED in part and DENIED in part**. The Motion is **granted** as to the following issues: (1) Defendants' use of force against other individuals; (2) allegations of other law enforcement misconduct or strained law enforcement-community relations; (3) lack of surveillance footage of the incidents; (4) other lawsuits filed against the MCSO or Defendants; (5) other lawsuits filed against any Defendant individually; (7) witnesses and exhibits that were not on Lauderdale's preliminary witness and exhibits lists; (9) argument that the Defendants are indemnified; and (10) argument that the jury should "punish" the Defendants or provide punitive damages. The Motion is **denied** as to the following issues: (6) medical witnesses may not give expert testimony but may testify as fact witnesses, therefore, this issue is **denied as moot**; and (8) Defendants' violation of any MCSO policy, procedure, rule or regulation.

A motion *in limine* is not a final appealable order. If the Plaintiff believes that evidence preliminarily deemed inadmissible should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge.

**SO ORDERED.**

Date: 1/8/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Traci Marie Cosby
OFFICE OF CORPORATION COUNSEL
Traci.Cosby@indy.gov

Daniel Kyle Dilley
DILLEY & OAKLEY, P.C.
d.dilley@dilley-oakley.com

Robert M. Oakley
DILLEY & OAKLEY PC
firm@dilley-oakley.com

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com

Andrew Scheil
OFFICE OF CORPORATION COUNSEL
Andrew.Scheil@indy.gov